UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLTON ELLISON BRADSHAW, <br> TDCJ No. 01703357, <br><br> Petitioner, <br><br> v. <br><br> BOBBY LUMPKIN, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | Civil No. SA-22-CA-0325-XR |

## ORDER

Before the Court is *pro se* Petitioner Charlton Ellison Bradshaw's Motion for Relief from Final Judgment. ECF No. 1. On September 21, 2015, Petitioner's request for federal habeas corpus relief under 28 U.S.C. § 2254 was dismissed with prejudice as untimely. *See Bradshaw v. Stephens*, No. 5:14-cv-619-DAE (W.D. Tex.) at ECF No. 27. This adjudication was affirmed by the Fifth Circuit Court of Appeals. *Id*. at ECF No. 37. Nevertheless, citing Federal Rule of Civil Procedure 60(b)(6), Petitioner now seeks reconsideration of the Court's determination by reiterating arguments that have already been adjudicated.

A district court has jurisdiction to consider a Rule 60 motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A motion that seeks to add a new ground for relief or attack the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of 28 U.S.C. § 2244(b). *Id*. at 531–32. Because Petitioner's motion either raises new claims or attacks

this Court's previous adjudication of his constitutional challenges, it must be dismissed as successive under 28 U.S.C. § 2244. Furthermore, Petitioner has not obtained leave from the Fifth Circuit Court of Appeals to file a successive habeas petition as dictated by 28 U.S.C § 2244(b)(3)(A). Therefore, this Court lacks jurisdiction to consider his motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (§ 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the appellate court has granted petitioner permission to file one).

Even assuming the Court had jurisdiction, Petitioner's motion is untimely. Under Rule 60(c)(1), any "motion under Rule 60(b) must be made within a reasonable time," unless good cause can be shown for the delay. *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004). Here, Petitioner seeks relief from the district court's September 2015 Order adopting the Report and Recommendation of the magistrate judge and denying federal habeas relief, which was signed over six and a half years ago. Petitioner's motion is clearly not made within a reasonable time, and Petitioner has not even attempted to show good cause to excuse the lengthy delay.

Finally, Rule 60(b)(6) relief is available only if "extraordinary circumstances" are present. *Gonzales*, 545 U.S. at 535 (citation omitted); *Rocha v. Thaler*, 619 F.3d. 387, 400 (5th Cir. 2010). Petitioner argues that extraordinary circumstances are present in this case because he waited over 100 days for the Texas Court of Criminal Appeals to rule on a motion for rehearing even though the motion, through no fault of his own, had been lost in the mail. However, this argument has already been rejected by the district court and the Fifth Circuit. Because Petitioner's argument has already been considered and rejected, it does not constitute an extraordinary circumstance sufficient to justify reopening the Court's judgment under Rule 60(b)(6).

In sum, Petitioner's motion is untimely and fails to identify an error of law or fact or other grounds warranting relief from judgment pursuant to Rule 60(b). As such, to the extent it is not a successive petition, the motion will be denied.

Accordingly, it is hereby **ORDERED** that Petitioner's Motion for Relief from Final Judgment filed April 1, 2022 (ECF No. 1), is **DISMISSED** without prejudice for want of jurisdiction. Alternatively, the Motion for Relief from Final Judgment is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, as reasonable jurists could not debate the denial of the Petitioner's motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

It is so **ORDERED**.

**SIGNED** this the 6th day of April, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE